UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEWART TITLE OF NEVADA, INC.,           )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )          2:06-CV-00966-PMP-RJJ
                                         )
RICHARD B. HAENISCH,                     )          O R D E R
                                         )
              Defendant.                 )
_____ )

       Presently before the Court is Plaintiff's Motion for Summary Judgment (Doc. #5), filed on August 17, 2006.  Defendant filed a Request for Denial or Continuance of Summary Judgment Under FRCP 56(f) or in the Alternative Opposition to Plaintiff's Motion for Summary Judgment (Doc. #9) on September 15, 2006.  Plaintiff filed a Reply (Doc. #11) on September 27, 2006.

       Also before the Court is Defendant's Motion to Dismiss or Stay Pursuant to the Colorado River Abstention Doctrine or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Doc. #6), filed on August 21, 2006.  Plaintiff filed an Opposition (Doc. #8) on September 1, 2006.  Defendant filed a Reply (Doc. #10) on September 14, 2006.

///

///

///

# I. BACKGROUND

The parties generally do not dispute the facts in this case.  In August 2004, Defendant was in Las Vegas, Nevada when a representative of the Palms Resort and Casino approached him and solicited his commitment to purchase a condominium at Palms Place. (Mot. to Dismiss [Doc. #6], Decl. of Richard B. Haenisch ["Haenisch Decl."] at ¶ 4.)  On March 16, 2005, Defendant tendered a $100,000 check to Plaintiff in relation to the condominium purchase, escrow account number 503026-LJJ, which Plaintiff deposited into its general client trust account.  (Mot. for Summ. J. [Doc. #5], Aff. of Sharon Haze ["Haze Aff."] at ¶¶ 2, 4, 6 & Ex. 2; Haenisch Decl. at ¶ 5.)  In July 2005, Defendant communicated to Palms Place that he no longer could afford to purchase the condominium.  (Haenisch Decl. at ¶ 6.)  On July 22, 2005, Palms Place faxed to Plaintiff a form canceling the escrow and instructing Plaintiff to return the $100,000 in escrow to Defendant.  (Haze Aff. at ¶ 8 & Ex. 3.)  Three days later, Plaintiff sent Defendant a check in the amount of $100,188.94 representing Defendant's initial deposit plus interest.  (Haze Aff. at ¶ 10 & Ex. 4.)

Plaintiff claims that on March 28, 2006, it discovered for the first time that the bank upon which Defendant originally drew his $100,000 check had rejected the check for insufficient funds.  (Haze Aff. at ¶ 12 & Ex. 5.)  Defendant contends that further discovery would show the bank sent Plaintiff an insufficient funds notice earlier than this date.  On April 6, 2006, Plaintiff sent Defendant a written demand by certified mail to return the funds from the $100,188.94 check.  (Haze Aff. at ¶ 14 & Ex. 6.)  Defendant states that because he trades in stock options, the balance in his account fluctuates substantially and thus he was unaware that his check had not cleared due to insufficient funds.  (Haenisch Decl. at ¶ 8.)  Defendant avers that as a result, he never realized the $100,188.94 Plaintiff returned to him did not belong to him.  (Id.)  Defendant states he since has lost the $100,188.94 through investment trading.  (Id. at ¶ 7.)  Defendant has refused to return the $100,188.94 to Plaintiff.  (Haze Aff. at ¶ 16.)

2

1    Plaintiff brought suit in Nevada state court on June 29, 2006, asserting claims for

2    conversion (count one), unjust enrichment (count two), constructive trust (count three), and

3    liability for drawing on insufficient money pursuant to Nevada Revised Statute § 41.620

4    (count four). (Notice of Removal [Doc. #1], Compl.) Defendant removed the action to this

5    Court. (Notice of Removal.) One day later, Defendant filed suit against Plaintiff in

6    California state court. (Haenisch Decl. at ¶ 10.)

7    Defendant moves to dismiss the Complaint, arguing this Court should abstain due

8    to the pending action in California; the Court should dismiss for failure to state a claim; the

9    Court should dismiss for lack of personal jurisdiction; or the Court should transfer the

10   action to California. Plaintiff responds that this Court has personal jurisdiction over

11   Defendant, the Complaint adequately states a claim, abstention is inappropriate, and transfer

12   is not warranted.

13   Additionally, Plaintiff has moved for summary judgment, arguing no genuine

14   issues of material fact remain that Defendant tendered a check for $100,000; that

15   Defendant's check was denied due to insufficient funds; that Plaintiff made out a check in

16   the amount of $100,188.94 to Defendant upon the close of escrow; and that Defendant has

17   refused to return the funds. Plaintiff therefore argues it is entitled to judgment as a matter

18   of law. Defendant opposes the motion, arguing Plaintiff's claims are barred by laches, the

19   Court should permit discovery to proceed before deciding the motion, or alternatively, this

20   Court lacks personal jurisdiction over Defendant.

21   **II. MOTION TO DISMISS**

22   **A. Personal Jurisdiction**

23   Where no applicable federal statute governs personal jurisdiction, the Court must

24   use the long-arm statutes of the state in which it sits. Harris Rutsky & Co. Ins. Servs., Inc.

25   v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). Nevada's long-arm statutes

26   allow courts to exercise personal jurisdiction over defendants to the extent permitted by the

1   Due Process Clause of the United States Constitution.  Nev. Rev. Stat. 14.065(1) ("A court

2   of this state may exercise jurisdiction over a party to a civil action on any basis not

3   inconsistent with the constitution of this state or the Constitution of the United States.").

4   Because Nevada exercises jurisdiction to the extent permitted by the Constitution, the Court

5   need only determine whether personal jurisdiction in this case would meet the requirements

6   of due process.  Harris Rutsky, 328 F.3d at 1129.

7          Due process requires that to subject a defendant not present within the forum to

8   personal jurisdiction, he must have "'certain minimum contacts with the forum such that the

9   maintenance of the suit does not offend traditional notions of fair play and substantial

10  justice.'"  Id. (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).  The Court may

11  exercise either general or specific personal jurisdiction.  "For a defendant to be subject to

12  general in personam jurisdiction, it must have such continuous and systematic contacts with

13  the forum that the exercise of jurisdiction does not offend traditional notions of fair play

14  and substantial justice." Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir.

15  1995).  If the defendant's contacts are substantial, continuous, and systematic, he is subject

16  to a court's general jurisdiction even for suits involving matters not arising out of his

17  contacts with the forum.  Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,

18  284 F.3d 1114, 1123 (9th Cir. 2002) (citing Helicopteros Nacionales de Colombia, S.A. v.

19  Hall, 466 U.S. 408, 415 n.9 (1984)).  In contrast, a Court can exercise specific jurisdiction

20  over a non-resident defendant only if (1) he purposefully directed his activities toward the

21  forum state or performed some act by which he purposefully availed himself of the

22  privileges of conducting activities in the forum; (2) the plaintiff's claim arises out of or

23  relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is

24  reasonable. Harris Rutsky, 328 F.3d at 1129.

25          Plaintiff, as the party asserting jurisdiction, bears the burden of establishing

26  personal jurisdiction exists.  Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1187

1    (9th Cir. 2002). Where the issue is before the Court on a motion to dismiss based on
2    affidavits and discovery materials without an evidentiary hearing, the plaintiff must make a
3    prima facie showing of personal jurisdiction. Id. The Court accepts as true any
4    uncontroverted allegations in the Complaint and resolves any conflicts between the facts
5    contained in the parties' evidence in the plaintiff's favor. Id. However, where the
6    defendant challenges personal jurisdiction at the summary judgment or trial stage, the
7    plaintiff bears the full burden of proving personal jurisdiction exists by preponderance of
8    the evidence, as if the case had gone to trial. Haisten v. Grass Valley Med. Reimbursement
9    Fund, Ltd., 784 F.2d 1392, 1396 & n.1 (9th Cir. 1986). In such a circumstance, the Court
10   must view the evidence in the light most favorable to the defendant and may find personal
11   jurisdiction only if no genuine issue of material fact remains that the plaintiff has
12   established personal jurisdiction by a preponderance of the evidence. Id.

13          Plaintiff has presented no evidence Haenisch has regular and systematic contacts
14   with Nevada to support general personal jurisdiction and Plaintiff does not attempt to argue
15   for general personal jurisdiction. Accordingly, the Court will determine whether it has
16   specific personal jurisdiction over Defendant. Defendant challenges this Court's exercise
17   of personal jurisdiction over him both in his motion to dismiss and in opposition to
18   Plaintiff's motion for summary judgment. Because the Court concludes Plaintiff has met its
19   burden of establishing specific personal jurisdiction even under the more stringent test, the
20   Court will consider the personal jurisdiction question under the summary judgment
21   standard.

22                          1. Purposeful Availment

23          "A non-resident defendant purposefully avails itself of the forum if its contacts
24   with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3)
25   causing harm, the brunt of which is suffered-and which the defendant knows is likely to be
26   suffered-in the forum." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019-20

1  (9th Cir. 2002) (citing <u>Calder v. Jones</u>, 465 U.S. 783, 788-89 (1984)).  The plaintiff must

2  satisfy all three prongs of the test to establish purposeful availment.  <u>Schwarzenegger v.</u>

3  <u>Fred Martin Motor Co.</u>, 374 F.3d 797, 805 (9th Cir. 2004).

4          No genuine issue of material fact remains that Plaintiff has established purposeful

5  availment by a preponderance of the evidence.  Defendant does not dispute that he

6  negotiated in Nevada the purchase of a condominium located in Nevada, tendered a check

7  with insufficient funds to a Nevada entity to open escrow in Nevada, communicated with a

8  Nevada company to terminate that escrow and for return of the deposit, and accepted and

9  cashed a check from a Nevada entity representing the "return" of the $100,000 check plus

10 interest.  Each of these acts was intentional on Defendant's part.

11         Further, these acts were aimed at Nevada.  Defendant purposefully dealt with

12 Nevada companies regarding the purchase of Nevada property using a Nevada escrow

13 company, exchanged correspondence regarding this transaction with a Nevada company,

14 sent a check to a Nevada company to open escrow, and received and cashed a check from a

15 Nevada company to close that escrow.  Finally, Defendant's intentional, directed acts

16 caused harm in Nevada and Defendant knew that should he issue a check drawing on

17 insufficient funds to place a deposit on Nevada property in a Nevada escrow account, that

18 harm likely would be suffered Nevada, as the two companies with which he was dealing

19 both were Nevada entities.

20                         2.  Arises Out of Forum Related Activities

21         A plaintiff's claim arises out of the defendant's forum related activities if the

22 plaintiff would not have been injured "but for" the defendant's conduct in the forum.  <u>Rio</u>

23 <u>Properties, Inc.</u>, 284 F.3d at 1021.  No genuine issue of material fact remains that Plaintiff

24 has established the "arising out of" requirement by a preponderance of the evidence.  But

25 for Defendant issuing a check with insufficient funds upon which to draw, Plaintiff would

26 not have suffered harm.

1                      3. Reasonableness

2            Exercising specific personal jurisdiction is reasonable "if it comports with

3  traditional notions of fair play and substantial justice." Id.  Courts consider seven factors to

4  determine reasonableness:

5            (1) the extent of a defendant's purposeful interjection; (2) the burden
             on the defendant in defending in the forum; (3) the extent of conflict

6            with the sovereignty of the defendant's state; (4) the forum state's
             interest in adjudicating the dispute; (5) the most efficient judicial

7            resolution of the controversy; (6) the importance of the forum to the
             plaintiff's interest in convenient and effective relief; and (7) the

8            existence of an alternative forum.

9  Id.  The Court must balance these factors and no single factor is determinative.  Id.

10            No genuine issue of material fact remains that Plaintiff has established by a

11  preponderance of the evidence that exercising specific personal jurisdiction in this matter is

12  reasonable.  Defendant purposefully injected himself into Nevada by negotiating for the

13  purchase of Nevada property with a Nevada entity, making and delivering to a Nevada

14  entity a check lacking sufficient funds, communicating with a Nevada entity about closing

15  escrow and for the return of the deposit, and receiving and cashing a check from a Nevada

16  entity.  Although defending in Nevada would be somewhat burdensome for Defendant, as

17  he lives and works in California, Nevada is geographically close to California and with

18  modern technological advances, defending in Nevada is not overly burdensome so as to

19  render personal jurisdiction unreasonable in this case.  No conflict with the sovereignty of

20  California is implicated in this case.  However, Nevada has an interest in providing redress

21  to its citizens and having courts within its boundaries decide the application of its laws.

22  The last three factors also weigh in Plaintiff's favor, as Plaintiff has selected Nevada as a

23  convenient and effective forum and California is not a viable alternative forum.  Defendant

24  is the only identified witness not in Nevada, as both Palms Place and Plaintiff are Nevada

25  entities.  Additionally, the California state court quashed service against Plaintiff for lack of

26  personal jurisdiction in Defendant's California action.  (Reply to Opp'n to Pl.'s Mot. for

1  Summ. J., Ex. 1.)  Thus, California is not a viable alternative forum.  Because no genuine

2  issue of material fact remains that Plaintiff has established by a preponderance of the

3  evidence that this Court has personal jurisdiction over Defendant, the Court will deny

4  Defendant's motion to dismiss for lack of personal jurisdiction.

5      **B. <u>Colorado River</u>**

6      In <u>Colorado River Water Conservation District v. United States</u>, the United States

7  Supreme Court recognized a "narrow exception to 'the virtually unflagging obligation of

8  the federal courts to exercise the jurisdiction given them.'"  <u>Holder v. Holder</u>, 305 F.3d 854,

9  867 (9th Cir. 2002) (quoting <u>Colorado River</u>, 424 U.S. 800, 817 (1976)).  Staying a federal

10  case under <u>Colorado River</u> is appropriate only in exceptional circumstances "pending the

11  resolution of concurrent state court proceedings involving the same matter."  <u>Id.</u>  The two

12  actions need not be exactly the same so long as they are substantially similar.  <u>Id.</u>  One

13  dispositive factor precluding a decision to stay an action under <u>Colorado River</u> is the

14  existence of a "substantial doubt as to whether the state proceedings will resolve the federal

15  action . . . ."  <u>Id.</u> at 868 (quotation omitted).  Other factors to consider include:

16          (1) whether the state court first assumed jurisdiction over property;
            (2) inconvenience of the federal forum;
17          (3) the desirability of avoiding piecemeal litigation;
            (4) the order in which jurisdiction was obtained by the concurrent
18          forums;
            (5) whether federal law or state law provides the rule of decision on the
19          merits;
            (6) whether the state court proceedings are inadequate to protect the
20          federal litigant's rights; [and]
            (7) whether exercising jurisdiction would promote forum shopping.
21

22  <u>Id.</u> at 870.

23      There is no basis to stay this action under <u>Colorado River</u> because there is no

24  pending concurrent state action.  Defendant's California state action no longer is pending as

25  the California Superior Court quashed service as to Plaintiff for lack of jurisdiction.  (Reply

26  to Opp'n to Pl.'s Mot. for Summ. J., Ex. 1.)  Additionally, because that action no longer is

pending for lack of jurisdiction, substantial doubt exists as to whether that action will resolve this action, a dispositive factor for concluding a stay under <u>Colorado River</u> is not warranted.

Even if the Court considered the other <u>Colorado River</u> factors, staying the case would not be appropriate.  The state court did not first assume jurisdiction over the disputed property in this case, as Plaintiff filed suit in this Court before Defendant filed in California state court.  The federal forum is not inconvenient as discussed with respect to personal jurisdiction and because Defendant elected to proceed in the federal forum by removing Plaintiff's state action to this Court.  Because the California state action has been dismissed, there is no danger of piecemeal litigation.  Although state law provides the rule of decision, Nevada state law controls this action, not California law.  California state proceedings would not adequately protect Plaintiff's rights because Plaintiff would have to waive its objections to personal jurisdiction in that jurisdiction to proceed.  Exercising jurisdiction would not promote forum shopping, as Plaintiff first initiated the action between these parties in the jurisdiction with the most substantial relationship to the dispute.  Further, Defendant removed the action from Nevada state court to this Court, thus already altering Plaintiff's initial forum selection.  The Court finds no basis to stay the proceedings under <u>Colorado River</u>, and the Court therefore will deny Defendant's motion to dismiss.

### C.  Failure to State a Claim

Defendant moves to dismiss two of the four counts in Plaintiff's Complaint. Defendant contends count two fails to state a claim for unjust enrichment because Defendant did not retain any benefit from the $100,188.94 check, as that money is now gone. Defendant argues count three fails to state a claim because a constructive trust is a remedy not a separate cause of action, Plaintiff has failed to allege a confidential relationship between the parties, and Plaintiff has failed to allege this remedy is essential in this case.  Plaintiff responds that Defendant retained the benefit of the $100,188.94 even if

he spent it, and Plaintiff therefore states a claim for unjust enrichment.  Plaintiff also argues a constructive trust is appropriate because Defendant gratuitously received funds from Plaintiff and its own employees have a confidential relationship with Plaintiff.  Plaintiff contends under notice pleading, its allegations regarding constructive trust are sufficient.

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The issue is not whether the plaintiff ultimately will prevail, but whether he may offer evidence in support of his claims.  See id. at 249 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Consequently, the Court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995).

The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting her claim.  See Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. at 47).  All the Rules require is a "short and plain statement" that adequately gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 1481 (citations and internal quotations omitted).  A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper

1  relief.  See United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

2                            1.  Unjust Enrichment

3         In Nevada, unjust enrichment is "'the unjust retention of a benefit to the loss of

4  another . . . .'"  Coury v. Robison, 976 P.2d 518, 521 (Nev. 1999) (quoting Nev. Indus. Dev.

5  v. Benedetti, 741 P.2d 802, 804 n.2 (Nev. 1987)).  A benefit "denotes any form of

6  advantage."  Restatement of Restitution § 1 cmt. b (1937); Restatement (Second) of Torts

7  § 886B cmt. c (1979).

8         Defendant's claim that he retained no benefit because he lost through investment

9  trading all of the $100,188.94 Plaintiff sent him is frivolous.  Defendant retained the benefit

10  of the investment opportunity the money represented, even if he ultimately lost that money.

11  The Court will deny Defendant's motion to dismiss count two.

12                            2.  Constructive Trust

13         Under Nevada law, "[a] constructive trust is a remedial device by which the

14  holder of legal title to property is held to be a trustee of that property for the benefit of

15  another who in good conscience is entitled to it."  Locken v. Locken, 650 P.2d 803, 804-05

16  (Nev. 1982).  A constructive trust is an appropriate remedy where: "(1) a confidential

17  relationship exists between the parties; (2) retention of legal title by the holder thereof

18  against another would be inequitable; and (3) the existence of such a trust is essential to the

19  effectuation of justice."  Id.

20         Plaintiff's Complaint fails to allege facts or circumstances making imposition of

21  a constructive trust essential to obtaining justice in this case.  Plaintiff states in conclusory

22  fashion that it has an inadequate legal remedy but provides no factual allegations to support

23  this conclusion.  The Court therefore will grant Defendant's motion and will dismiss

24  without prejudice count three of the Complaint.

25  ///

26  ///

11

**D. Transfer**

Defendant moves the Court to transfer this action to a federal district court in California. Plaintiff opposes the transfer, asserting California would have no jurisdiction over Plaintiff.

Pursuant to 28 U.S.C. § 1404(a), in the interest of justice, the Court may transfer a civil action to "any other district or division where it might have been brought" for the parties and witnesses' convenience. Whether to transfer under § 1404(a) lies within the Court's discretion. Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988).

The Court, in its discretion, will decline to transfer this action. Transfer would require Plaintiff to waive its objections to California's exercise of personal jurisdiction over Plaintiff. Furthermore, Defendant has failed to show California would be a more convenient forum for the parties or witnesses, as the only identified party or witness residing outside of Nevada is Defendant. The Court therefore will deny Defendant's motion to transfer.

**III. MOTION FOR SUMMARY JUDGMENT**

Plaintiff moves for summary judgment on all of its claims. Plaintiff argues the material facts are not in dispute; Defendant passed a bad check, Plaintiff "returned" the money represented by the bad check to Defendant, and Defendant kept that money and refuses to return it despite Plaintiff's written demand therefor. Defendant responds that discovery has not proceeded in this case and Defendant believes discovery would show Plaintiff received notice of his check lacking sufficient funds long before Plaintiff claims it discovered that fact. Defendant argues that if Plaintiff received notice earlier, laches bars Plaintiff's claims. Defendant therefore requests the Court defer ruling on the motion until after discovery. Plaintiff responds that Defendant untimely filed his opposition to Plaintiff's motion for summary judgment and therefore the Court should grant Plaintiff's

12

1  motion as unopposed under the Local Rules.  Additionally, Plaintiff argues Defendant fails

2  to address Plaintiff's conversion and statutory claims.  Plaintiff also argues Defendant

3  cannot assert laches as an equitable defense due to unclean hands because he issued a bad

4  check.[1]

5        **A.  Untimely Opposition**

6        By Local Rule, a party must file an opposition brief within fifteen days after

7  service of a motion.  LR 7-2(b).  Failure to file an opposition "shall constitute consent to the

8  granting of the motion."  LR 7-2(d).

9        Plaintiff filed its motion for summary judgment on August 17, 2006.  Defendant

10  did not file an opposition until September 15, 2006.  After accounting for three days for

11  service by mail, Defendant filed his opposition well beyond the fifteen-day deadline.  By

12  Rule, Defendant has failed to oppose the motion and is deemed to have consented to

13  granting Plaintiff's motion.  Even if the were to Court overlook this procedural error,

14  Plaintiff nevertheless is entitled to summary judgment on the merits.

15        **B.  Laches**

16        "Laches is an equitable doctrine which may be invoked when delay by one party

17  works to the disadvantage of the other, causing a change of circumstances which would

18  make the grant of relief to the delaying party inequitable."  Building & Constr. Trades

19  Council of N. Nev. v. State ex rel. Public Works Bd., 836 P.2d 633, 636-37 (Nev. 1992).  If

20  the statute of limitations has not run, the party asserting laches must show particularly

21  strong circumstances to prevail on the defense.  Id.  To determine whether laches bars a

22  claim, the Court must consider whether the plaintiff inexcusably delayed in asserting its

23  rights, whether an implied waiver arose from the plaintiff's knowing acquiescence in

24   

25      [1] Defendant also reiterates his arguments that this Court lacks personal jurisdiction over him
and that Plaintiff's claims for unjust enrichment and constructive trust fail to state a claim.  The Court
26  already has ruled on these issues.

1   existing conditions, and whether circumstances prejudiced the defendant. Id.  The party

2   invoking laches must show "the delay caused actual prejudice." Besnilian v. Wilkinson, 25

3   P.3d 187, 189 (Nev. 2001).  However, a court should not apply laches where doing so

4   would produce an inequitable result. Home Sav. Ass'n v. Bigelow, 779 P.2d 85, 86-87

5   (Nev. 1989) (noting that laches should not grant one party an inappropriate windfall).

6          Laches, as an equitable doctrine, also is subject to the equitable "maxim that one

7   seeking equity may not do so with 'unclean hands. . . .'" Evans v. Dean Witter Reynolds,

8   Inc., 5 P.3d 1043, 1050-51 (Nev. 2000) (holding intentional tortfeasor has no right to

9   equitable setoff remedy because of unclean hands).  However, an exception to the unclean

10  hands rule exists where the party with unclean hands committed an insignificant violation

11  but the other party committed a substantial infraction. Tracy v. Capozzi, 642 P.2d 591, 594

12  (Nev. 1982).

13         Defendant may not assert the equitable defense of laches because he comes to the

14  Court with unclean hands.  Defendant does not dispute that his check for $100,000 was

15  drawn on insufficient funds.  Additionally, Defendant's wrongdoing is not insignificant.

16  Passing a check with insufficient funds may subject a person to both civil and criminal

17  penalties in Nevada. See Nev. Rev. Stat. § 41.620, § 205.130.  Because Defendant does not

18  come to the Court with clean hands, he may not assert the equitable defense of laches.

19         Furthermore, applying laches in this case would provide Defendant with an

20  inequitable windfall.  Defendant issued a check without sufficient funds to cover it and

21  seeks to retain the benefit of over $100,000 Plaintiff mistakenly sent to him because

22  Plaintiff failed to act sooner on its claim.  Such a result does not comport with equitable

23  principles.  Further discovery in this matter is not necessary because even if Plaintiff

24  discovered its error sooner than Plaintiff suggests, Defendant cannot assert a laches defense

25  in this case.

26  ///

14

## C. Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law defines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id.; Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001).

### 1. Conversion (count one)

Under Nevada law, conversion is "a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." Edwards v. Emperor's Garden Rest., 130 P.3d 1280, 1287 (Nev. 2006). A demand for the allegedly converted property and a refusal to return it "is always evidence of a conversion," and if the defendant's refusal "is in disregard of the plaintiff's title, and for the purpose of claiming the goods either for the defendant or a third person, it is a conversion." Robinson Mining Co. v. Riepe, 161 P. 304, 305 (Nev. 1916) (quotation omitted). "[C]onversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." Evans, 5 P.3d at 1048. Generally, the issue of whether the defendant converted the plaintiff's property is a question for the fact finder. Id. However, where no genuine issue of material fact remains that the defendant converted the plaintiff's property, the Court may

1  resolve the claim as a matter of law.  <u>Pelletier v. Pelletier</u>, 742 P.2d 1027, 1028 (Nev. 1987)

2  (holding "as a matter of law" that party was liable for converting coins where she admitted

3  she cashed in the coins and spent the proceeds).

4          Plaintiff has established no genuine issues of material fact remain and it is

5  entitled to judgment as a matter of law on its conversion claim.  No genuine issue of fact

6  remains that Defendant wrongfully exerted dominion over the $100,188.94 check by

7  cashing it and using the proceeds.  Defendant does not dispute he issued a check without

8  sufficient funds to open escrow nor does he dispute he had no right to the check Plaintiff

9  sent him or its proceeds.  It also is undisputed that Plaintiff demanded in writing that

10 Defendant return the money and Defendant refused.  Defendant makes no specific

11 arguments related to the conversion claim in his opposition.  The Court therefore will grant

12 Plaintiff summary judgment on count one of its Complaint.

13                   2.  Unjust Enrichment (count two)

14         In Nevada, unjust enrichment is "'the unjust retention of a benefit to the loss of

15 another . . . .'"  <u>Coury</u>, 976 P.2d at 521 (quoting <u>Nev. Indus. Dev.</u>, 741 P.2d at 804 n.2.)

16 Plaintiff has established there are no genuine issues of material fact and Plaintiff is entitled

17 to judgment as a matter of law on count two.  It is undisputed that Plaintiff conferred a

18 benefit on Defendant by issuing him a check in the amount of $100,188.94 which

19 Defendant cashed.  Defendant has retained this benefit by expending the funds through

20 investment opportunities.  Defendant's retention is unjust because he admits his check to

21 Plaintiff in the amount of $100,000 was rejected due to insufficient funds and Defendant

22 had no right to the $100,188.94 which Plaintiff sent him.  Defendant's only defense to this

23 claim is that he did not "retain" the benefit conferred upon him.  The Court already has

24 rejected this argument.  The Court therefore will grant Plaintiff's motion for summary

25 judgment as to count two.

26 ///

### 3. Constructive Trust (count three)

The Court already has dismissed this claim, and therefore Plaintiff is not entitled to summary judgment. Even if the Court considered Plaintiff's arguments on summary judgment, Plaintiff has presented no evidence a constructive trust is essential to effectuate justice in this case. The Court therefore will deny Plaintiff's motion for summary judgment on count three.

### 4. Statutory Violation (count four)

Excluding certain exceptions not relevant here, any person who--

> [m]akes, utters, draws or delivers a check . . . for the payment of money drawn upon any financial institution or other person, when he . . . has insufficient money, property or credit with the drawee to pay . . . and who fails to pay the amount in cash to the payee . . . within 30 days after a demand therefor in writing is mailed to him by certified mail, is liable to the payee . . . for the amount of the check . . . and damages equal to three times the amount of the check . . . .

Nev. Rev. Stat. § 41.620(1). The statutory penalty for treble the amount of the check may not be less than $100 nor more than $500. Id.

Plaintiff has established no genuine issue of material fact remains and it is entitled to judgment as a matter of law. Defendant does not dispute he made and delivered a check to Plaintiff in the amount of $100,000 and the bank upon which the check was drawn rejected that check for insufficient funds. Defendant also does not dispute Plaintiff made written demand by certified mail for Defendant to pay $100,118.94 and Defendant refused to do so within thirty days. Defendant therefore is liable to Plaintiff for the amount of the $100,000 check he made and delivered without sufficient funds plus $500 as a statutory penalty. The Court will grant Plaintiff's motion for summary judgment on count four.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Stay Pursuant to the Colorado River Abstention Doctrine or, in the Alternative, Motion to

17

1  Transfer Venue Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, Motion to Dismiss
2  Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Doc. #6) is hereby
3  GRANTED in part and DENIED in part.  The motion is granted with respect to count three
4  of Plaintiff's Complaint.  The motion is denied in all other respects.
5       IT IS FURTHER ORDERED that count three of Plaintiff's Complaint
6  (constructive trust) is dismissed without prejudice.
7       IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment
8  (Doc. #5) is hereby GRANTED in part and DENIED in part.  The motion is granted as to
9  counts one, two, and four of Plaintiff's Complaint.  The motion is denied with respect to
10 count three of Plaintiff's Complaint.  Judgment is hereby entered in favor of Plaintiff and
11 against Defendant on counts one, two, and four of Plaintiff's Complaint.
12      IT IS FURTHER ORDERED that Plaintiff shall have to and including
13 December 22, 2006, within which to serve on counsel for Defendant and to provide to the
14 Court a proposed form of Judgment in favor of Plaintiff and against Defendant as to counts
15 one, two and four of Plaintiff's Complaint.   Defendant shall thereafter have until January 3,
16 2007, within which to file any objections to Plaintiff's proposed form of Judgment as to
17 counts one, two and four.

19 DATED:   December 7, 2006

PHILIP M. PRO
Chief United States District Judge

18